# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CHRISTOPHER AYERS,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
COMMISSIONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:10cv30

Barrett, J.
Bowman, M.J.

## REPORT AND RECOMMENDATION

This matter is before the Court on Plaintiff's application for fees and expenses pursuant to the Equal Access to Justice Act ("EAJA") (Doc. 21), which Defendant has opposed. (Doc. 22). No reply memorandum was filed.

Pursuant to local practice, Plaintiff's Motion for Attorney Fees (Doc. 21) has been referred to the undersigned Magistrate Judge for initial consideration and a Report and Recommendation. 28 U.S.C. §636(b). For the reasons stated herein, I recommend that Plaintiff's Motion be granted.

**I. Relevant Factual Background**

On February 14, 2011, this Court issued a Report and Recommendation ("R&R") that Plaintiff's case be reversed and remanded for further proceedings pursuant to Sentence Four of 42 U.S.C. § 405(g). (Doc. 19). Neither party filed Objections to that R&R. On March 14, 2011, the District Court adopted the R&R in its entirety and remanded the matter for further proceedings under Sentence Four of 42 U.S.C. §405(g). (Doc. 20). Plaintiff timely filed his Motion for Fees pursuant to 28 U.S.C.

§2412(d). (Doc. 21). In said Motion, counsel requested fees in the amount of $2,645.00, which is comprised of 13.5 hours of work times the requested hourly rate of $170.00 plus $350.00 for costs and expenses. The Commissioner opposes Plaintiff's Motion, arguing that Plaintiff is not entitled to attorney fees because the Commissioner's position was substantially justified. (Doc. 22).

**II. Analysis**

**A. Standard of Review**

Pursuant to the Equal Access to Justice Act, 28 U.S.C. §2412(d)(1)(B), an application for attorney fees and other expenses must be submitted within thirty (30) days of final judgment. The EAJA defines a final judgment as "a judgment that is final and not appealable." 28 U.S.C. §2412(d)(2)(G); *see Buck v. Secretary of Health and Human Serv.,* 923 F.2d 1200, 1202 (6th Cir. 1991). The thirty-day clock begins to run after the time to appeal the final judgment has expired. *See Melkonyan v. Sullivan,* 501 U.S. 89, 96 (1991).

> Further, the EAJA provides that:
>
> [A] court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. §2412(d)(1)(A). Thus, eligibility for a fee award under EAJA requires that: (1) the claimant be the prevailing party; (2) the government's position was not substantially justified; and (3) no special circumstances make the award unjust. The Commissioner

does not dispute that Plaintiff is a prevailing party, as defined by the EAJA, nor does the Commissioner assert that any "special circumstances" exist in this matter, such as to preclude an award of fees. As detailed above, the Commissioner argues only that Plaintiff's EAJA petition for attorney fees should be denied because the Commissioner's prior litigation position was "substantially justified."

The Court agrees the Motion is timely, Plaintiff is the prevailing party, and there are no special circumstances to make the award of fees unjust. The Court is therefore left to determine whether the government's position was substantially justified, and if not, how much the award of attorneys fees should be.

B.  **Substantial Justification**

To be "substantially justified," the United States must show that it had a reasonable basis in law and in fact to undertake the challenged action. *Pierce v. Underwood*, 487 U.S. 552 (1988). The "substantial evidence" standard is not the same as the "substantial justification" standard under EAJA. The government's position "can be justified even though it is not correct . . ., and it can be substantially (*i.e.*, for the most part) justified if a reasonable person could think it correct, that is, if it has a reasonable basis in law and fact." *Pierce,* 487 U.S. at 566 n. 2. The Sixth Circuit has held that even though the government's position was not supported by substantial evidence, that fact "does not foreclose the possibility that the position was substantially justified. Indeed, Congress did not want the 'substantially justified' standard to be read to raise a presumption that the Government position was not substantially justified simply because it lost the case. . . ." *Howard v. Barnhart*, 376 F.3d 551, 554 (6th Cir. 2004) (internal

citations and quotation marks omitted). Rather, under EAJA, substantial justification means the government's position was "justified in substance or in the main." *Pierce*, 487 U.S. at 565. In other words, the Court must determine whether the government's position was justified in law and in fact to a degree that would satisfy a reasonable person. *Id*. *See also Perket v. Secretary of Health and Human Servs.*, 905 F.2d 129, 132 (6th Cir. 1990); *Jankovich v. Bowen*, 868 F.2d 867, 869 (6th Cir. 1989) (per curiam). The Court must examine the government's litigation position as a whole to determine whether it had a reasonable basis in law and fact. *Cf. Commissioner, INS v. Jean*, 496 U.S. 154, 161-62 (1990) ("While the parties' positions on individual matters may be more or less justified, the EAJA--like other fee-shifting statutes--favors treating a case as an inclusive whole, rather than as an atomized line-items."). It is the government's burden under EAJA to prove that its position was substantially justified. *See Scarborough v. Principi,* 541 U.S. 401, 414-15 (2004). The "'position of the United States' means, in addition to the position taken by the United States in the civil action, the action or failure to act by the agency upon which the civil action is based." 28 U.S.C. § 2412 (d)(2)(D).

Plaintiff argues that the position of the Commissioner was not justified. As the R&R points out, the ALJ erroneously believed that Listing 14.09 requires 45 degrees of spondylosis instead of only 30 degrees. In addition, the ALJ's credibility determination of Dr. Lohr was flawed as (1) the ALJ erroneously believed that Dr. Lohr's report was prepared over one year after her examination of Plaintiff, which was inaccurate, and (2) because she was a consulting physician - much like Dr. Schapera, whose opinion the

ALJ gave significant weight. (See Doc. 19). Specifically, the ALJ stated, "I have considered Dr. Lohr's assessment; however, I have not granted controlling weight to this assessment as Dr. Lohr was only a consulting physician." (Doc. 9-2 at 16-17; Doc. 19 at 11). Interestingly, the ALJ also stated, "I have granted significant weight to the consultative examination proffered from Dr. Schapera." (Id.) However, the ALJ failed to consider to the fact that Dr. Schapera evaluated Plaintiff prior his diagnosis of ankylosis spondylosis and lacked several relevant medical records at the time of his report.

The Commissioner, on the other hand, argues that his position was substantially justified because "even though the ALJ's decision may have not been supported by substantial evidence, a reading of the specific requirements of Listing 14.09C2 along with reference to other evidence shows that the Commissioner was reasonably justified in defending the ALJ's decision." Furthermore, the Commissioner argues that even though the ALJ erred as to when Dr. Lohr's opinion was completed, there were ample reasons as to why Dr. Lohr's opinion deserved less weight. (Doc. 22 at 3-5). Basically, the Commissioner is arguing those errors were harmless and other evidence in the record supports the ALJ's decision.

However, these arguments are essentially the same ones raised by the Commissioner in support of his Memorandum in Opposition [to Plaintiff's Statement of Errors], (Doc. 16), which were rejected in this Court's R&R and Judge Barrett's adoption of the R&R in its entirety. Moreover, the Court notes that although the R&R rejected the Commissioner's arguments, the Commissioner did not file Objections to the Report and Recommendation. See *Johnson v. Astrue*, No. 3:08-cv-274, 2010 WL 1463469, at *3

(S.D. Ohio Mar. 26, 2010) (failure to file objections to Magistrate Judge's Report and Recommendation, while not determinative, is a factor considered by the Court in deciding whether the Commissioner's position was substantially justified).

Considering the Commissioner's blatant errors regarding Listing 14.09 and the credibility determination as to Dr. Lohr, the undersigned finds the Commissioner's position in the underlying litigation was not "substantially justified" for purposes of the EAJA. *See Meyers v. Heckler*, 625 F. Supp. 228, 235 (S.D. Ohio 1985) (refusing to find the government's position to be "substantially justified" when an ALJ fails to apply the correct legal standard); *Howard v. Heckler*, 581 F. Supp. 1231, 1233-34 (S.D. Ohio 1984). *See also Gutierrez v. Barnhart,* 274 F.3d 1255, 1259 (9th Cir. 2001) (government's position not substantially justified where ALJ failed to comply with applicable Social Security regulation); *Fraction v. Bowen,* 859 F.2d 574, 575 (8th Cir. 1988) (claimant entitled to EAJA fees where government acted "contrary to clearly established circuit precedent"); *Williams v. Sullivan,* 775 F. Supp. 615, 618-19 (S.D.N.Y. 1991) (government's position was not substantially justified given established Second Circuit law). For the reasons set forth above and more fully in the R&R, the Commissioner failed to set forth a "reasonable basis in law" for the ALJ's decision. Therefore, the government has not met its burden of proving substantial justification for its position in this case. The Court therefore finds the Commissioner's position in this matter was not substantially justified.

## C. Calculation of Fee Award

The EAJA authorizes an award of reasonable fees as follows:

> The amount of fees awarded…shall be based upon prevailing market rates for the kind and quality of the services furnished, except that…attorney fees shall not be awarded in excess of $125 per hour unless the court determines that an increase in the cost of living or a special factor, such as the limited availability of qualified attorneys for the proceedings involved, justifies a higher fee.

28 U.S.C. §2412(d)(2)(A).

With respect to the first of these factors, *i.e.,* the prevailing market rate charged by Social Security practitioners in southwestern Ohio, the Sixth Circuit has held that "[i]n requesting an increase in the hourly-fee rate, Plaintiffs bear the burden of producing appropriate evidence to support the requested increase." *Bryant v. Comm'r of Soc. Sec.*, 578 F.3d 443, 450 (6th Cir. 2009). "Plaintiffs must 'produce satisfactory evidence--in addition to the attorney's own affidavits--that the requested rates are in line with those prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation.'" *Id.* at 450, *quoting Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984). Plaintiff has met this burden by providing an affidavit from his counsel as well as copies of publications showing average billable hourly rates nationally and, more specifically, in Cincinnati. (Doc. 21). In October, 2007, according to a then recent study, the average billable hour in the Greater Cincinnati area was $175 per hour. (Doc. 21-1). In 2004, the mean billable hourly rate for downtown Cincinnati law firms was $213.00. (Doc. 21-4). Although this data is a bit dated, it illustrates that the requested rate of $170 is in line, and even lower, than prevailing

market rates.

The Court next examines the second and third statutory criteria, namely the cost of living adjustment ("COLA") and any "special factors" that would support an increase in the hourly rate awarded. Although the cost of living "has risen since the enactment of the EAJA," *Begley v. Secretary of Health and Human Servs.,* 966 F.2d 196,199 (6th Cir. 1992), the decision whether this increase justifies a fee in excess of the $125.00 statutory rate is a matter left within the district court's discretion. *Id.* at 200. The Sixth Circuit has stated that the $125.00 "statutory rate is a ceiling and not a floor." *Chipman v. Secretary of Health and Human Serv.,* 781 F.2d 545, 547 (6th Cir. 1986). The *Begley* Court interpreted "*Chipman* as a specific instruction not to use [$125.00] as a *minimum* hourly fee and a more general command to district courts to carefully consider, rather than rubber stamp, requests for adjusted fee awards based on inflation." 966 F.2d at 200 (emphasis in the original). The Court of Appeals has "neither precluded cost of living adjustment in appropriate cases, nor interfered with the authority of the district courts to decide such matters within their discretion." *Id.*

This Court has previously determined that the "Consumer Price Index - All Urban Consumers" for the "Midwest Urban" area for "All items" is the proper Consumer Price Index to utilize when calculating a cost of living adjustment. *See Adkins v. Comm'r of Soc. Sec.*, 2011 U.S. Dist. LEXIS 56363 (S.D. Ohio Feb. 18, 2011)(M.J. Bowman) *adopted, in part, at* 2011 U.S. Dist. LEXIS 56130 (S.D. Ohio, May 24, 2011)(J. Barrett)(finding that the "Midwest Urban - All items" table is the appropriate table to

use). Using this Consumer Price Index of 223.309 for March 2011, the last month fees were incurred, and a formula previously used by now retired Magistrate Judge Timothy S. Hogan, Plaintiff argues that the $125 hourly rate set in 1996 should be adjusted to $167.65. (Doc. 21 at 6). Here, Plaintiff requests an hourly rate increase to $170.00 per hour. (*Id.*). Accordingly, based upon a showing of a higher market rate and an increase in the cost of living, Plaintiff has met his burden of producing appropriate evidence in support of the requested increase. Therefore, the hourly rate awarded should be $170.00.

The Court next turns to a discussion of the applicable hours Plaintiff's counsel worked relative to the sentence four remand, *i.e.*, the hours to which the $170.00 hourly rate shall be applied. Counsel submits that 13.5 hours of attorney time was spent on this case before the District Court, including the preparation of the EAJA fee petition, which is compensable pursuant to *Commissioner v. Jean*, 496 U.S. 154, 162 (1990). Having reviewed the number of hours submitted by counsel and considering the fact that the Commissioner does not challenge those hours, the Court finds such hours to be reasonable and relevant to the prosecution of this matter. Compensation for the 13.50 hours at the $170.00 hourly rate yields an attorney fee of $2,295.00. In addition, Plaintiff requests reimbursement for the costs and expenses ($350) which this Court also finds that Plaintiff is entitled.

**III. Conclusion and Recommendation**

Accordingly, **IT IS RECOMMENDED** that the EAJA fee petition filed by Plaintiff's counsel be **GRANTED** and that Plaintiff be **AWARDED $2,645.00** in attorney fees, subject to any offset permitted by *Astrue v. Ratliff*, 560 U.S. \_\_\_, 130 S.Ct. 2521 (June 14, 2010).

*s/Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

CHRISTOPHER AYERS,

    Plaintiff,

vs.

MICHAEL J. ASTRUE,
COMMISSONER OF SOCIAL SECURITY,

    Defendant.

Case No. 1:10cv30

Barrett, J.
Bowman, M.J.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).